Mr. Kenny, please proceed. My name is Bill Kenny. I represent the appellant, Heather Bratcher, in this case. Ms. Bratcher was injured in a car accident while driving her parents' vehicle. She settled with the at-fault driver for policy limits of $100,000 and subsequently filed a claim with Farmer's Insurance for underinsured motorist coverage. Ms. Bratcher qualified as an insured person under the policy because she was driving her parents' vehicle with their consent, but she did not qualify as a family member because she did not live with them at the time of the accident. Initially, when the claim was filed, the farmer's representative said that the UIM limits were $500,000. Then nearly 21 months later, the representative asserted that the policy limits were only $25,000 based on a step-down provision limiting coverage for an insured person who is not a family member to the limits of the financial responsibility law. The issue here is that UIM coverage is not mandated under the Missouri financial responsibility law. Isn't that relatively irrelevant to what the clause means? Tell me how it illuminates what the clause means. Well, if it references financial responsibility law, right? Well, there's only one and there's only one section of it that really matters. I bet you know that. Well, there's three different types of insurance that are covered by the financial responsibility law. Of course, your client had only bodily injury, right? Yes. So you got the bodily injury one because the other is property. Why not uninsured motorist coverage? No, excuse me. Follow my logic. It's referring to the limits, the number. You agree that there are the numbers 25, 50, and in your case 25 in the statute? Tell me if I don't understand. Limits are numbers, right? Yes, limits are numbers. Are we communicating? And there are only three numbers in the financial responsibility act. Yes. Okay. Aren't those irrelevant things to look at? Yes, I would agree. But the 2014 version had different coverage limits, right? Well, counsel, it's had $25,000 for bodily injury for one person since 1981. Do you know that? Yes. Yeah. Does it matter whether or not the chapter specifically provides that the chapter does not apply to excess or additional coverage and that UIM coverage is, in fact, excess coverage under Missouri law? I didn't make that argument, but, yeah. If you look at it, I mean, basically there's a reference that references to a limit, and the only limits are the numbers that are found in the act. But the act does provide in 303.190.07 that it doesn't apply to excess coverage. And I'm sort of shocked that this argument was never really advanced because it strikes me that if one has to go back and read the chapter and you look at the chapter and the chapter says it excludes excess coverage, but no one's ever made that argument. So is it waived? Did you waive that argument? So are we bound by just a reference to the chapter itself as regards limits? You know, I didn't see any arguments like that when I researched. Obviously, I read the statutes. There are a fair number of court appeals cases on these statutes. Yeah, there are. And I think you're correct that Judge Erickson's argument has not been raised. No, it's very interesting. I believe the court can make that analysis. Well, what do you predict the Missouri Supreme Court would do? That's what we're supposed to be about. You notice most of these cases are court appeals cases. Yes, they are. There's allegedly one court of appeals in Missouri, you know, by the Constitution. But there's a little tension in the cases. So tell me your best case and reason from it. So my best case is Maxim v. American Family Insurance, I believe. Hold on a second. Maxim v. American Family Insurance, 504 Southwest 3rd, 124. It's a 2016 Missouri Western District case. And it dealt with the exact same argument that Farmers makes in this case, like exactly the same argument. And I'll read from that case. It says, Maxim emphasizes that the insurance policy states in plain language and broad and unconditional terms that the amount paid will not be below the MVFRL minimum limit. Because $25,000 is the only minimum limit referenced in the MVFRL, Maxim argues that he is entitled to this amount under the plain language of the policy's UIM endorsement. Maxim once again attempts to create ambiguity where there is none. The bodily injury minimum limit required is $25,000 for uninsured coverage and for liability coverage for vehicles specifically designated by the policy and other vehicles used but not owned by the insured. And I'll skip forward a little bit. Although the policy clearly and unambiguously states that the amount paid will not be reduced below the MVFRL minimum limit, the minimum limits stated in the MVFRL are not for UIM coverage but for bodily injury liability and uninsured coverage. Thus, no amount must be paid. And so the court there said regardless of this reference to the financial responsibility limit, it doesn't matter because that doesn't mandate coverage for underinsured motorist coverage. And that was about mandating underinsured coverage, right? That's underinsured motorist coverage. Underinsured, yeah. We have to go slowly to say it. UIM coverage. Right. But it was the same argument. Maxim argued that the only coverage limit is $25,000. Therefore, this says that in no event shall less than the minimum coverage limit be paid. I'm entitled to $25,000. The court disagreed because it doesn't mandate coverage limits for UIM insurance. I'd also like to talk about the cases that Farmers relies on. The two main cases are Windsor Insurance Company v. Lucas, 24 Southwest 3rd, 151. That's a 2000 Eastern District case. And Shelter Mutual Insurance Company v. American Family Insurance Company, 210 Southwest 3rd, 338. That's a 2006 Eastern District case. And that's to support the argument that step-down clauses are routinely upheld in Missouri even when the policy defines a limit by the financial responsibility law. These cases are distinguishable because they both deal with liability insurance, which is mandated by the financial responsibility law. And also the policies in each case specifically reference the type of insurance that that exclusion is referring to. So in Lucas, the policy says, regardless of the limits of liability shown on the declarations page, the bodily injury and property damage liability for each insured other than you and a relative will equal the limits of the financial responsibility law of the state in which the accident occurred. So clearly that's referencing the bodily injury and personal property damage. And then Shelter v. American Family, the policy says, the limits of liability will be the minimum limits of liability coverage specified by the financial responsibility law applicable to the accident regardless of the limits stated in the declarations. The policy in this case, and this is for each bodily injury, property damage, and uninsured and underinsured motorist coverage, says, we will provide insurance for an insured person other than you or a family member up to the limits of the financial responsibility law only. So, I mean, it makes sense that bodily injury, property damage, and uninsured motorist coverage, those are all mandated by the MVFRL, but it doesn't specify any particular type of insurance or coverage limit. And, again, there are three different limits of differing dollar amounts in the 2014. Don't you agree, though, that just one of them is relevant? Just the $25,000 that everybody knows you sign when you get a, you know, you have to sign in Missouri, that you have insurance when you, yeah, that you have insurance when you get a driver's license. And if you don't, you know, you can get suspended for a year, you know about that court system. So don't you think the 25 is pretty widely known? It may be widely known, but I don't think it's relevant here because it's not specified in the policy. How could it not be relevant? Because what we're talking about here is the language that the courts have used in Missouri, like since the beginning of time, is the meaning which would be attached by an ordinary person of average understanding. And if it's widely known, wouldn't a person of, an ordinary person of average understanding, understand it to be $25,000? I mean, it seems to me that you can't say it's not relevant. I think that's kind of the heart of the discussion we're having because in the end, the answer is if you read this policy, would the ordinary and average, would the ordinary person with average understanding living in Missouri understand that reference to mean $25,000? And Judge Benton's hypothetical says that they would all know it. And so if you concede this point, you're really giving up your whole case. So my question is, do you want to backtrack on that perhaps and come up with some different or better argument? Well, I mean, let me ask you this question. Is the reference to the financial responsibility limit in the uninsured and underinsured clause, does that reference the bodily injury $25,000 or does that reference the $25,000 for uninsured motorists? Works better if I ask the questions, but to structure your answer for you, take both of them and tell us how it works. You're into rebuttal, too, if you want to save it for rebuttal. Yeah, if I could save it for rebuttal. You may. Thank you. Ms. Subke. Good morning. May it please the Court. My name is Ali Subke, and I represent Farmers Insurance Company, Inc. As you know, this case involves a UIM claim that the appellant made under an auto insurance policy that farmers issued to her parents as named insureds. Counsel, I think your colleague relies almost exclusively on Maxim. Would you help me understand why Maxim doesn't apply here, why the reasoning and logic of the Maxim decision doesn't apply? So Maxim, first of all, the facts of Maxim are different. In that case, the insured person's UIM coverage was excluded under, I believe it was an owned auto exclusion, and so insurance company denied coverage. The insured in that case pointed to the financial responsibility law and said, it says, in no event shall my coverage be reduced below this amount. Therefore, I am entitled to uninsured motorist coverage in this case. So the facts are different because here we don't have an exclusion. We have a step-down clause, and so that's one reason why it does apply. But isn't the language quite similar in the step-down clause as opposed to the exclusion, right? And so to the extent the language is similar, the argument is analogous, right? Well, if you follow Maxim, Maxim held that the insured was not entitled to UIM coverage because the financial responsibility law does not require UIM coverage. So if you were to follow Maxim, it's farmers' argument that the appellant would actually not be entitled to UIM coverage at all because that is what the Maxim court held. Yeah, to a totally different question, right? What's the closest Missouri Supreme Court case? That's what we're supposed to be about here, applying Missouri law. Yes, Your Honor, we don't have a Missouri Supreme Court case. No, they have lots of insurance cases. Yes, so Shelter Mutual Insurance Company v. American Family. In that case, the court held that it's perfectly permissible for an insurance company to list the limits of a policy based on adopting the financial responsibility law. It says, as the court in Shelter Mutual v. American Family said, we find no public policy violation in providing a lower amount of coverage for permissive users. Now, is that the Missouri Court of Appeals case you're quoting to us? Yes. Oh, I'm sorry. I was hoping that was a Missouri Supreme Court case. Go ahead and proceed with your argument with the Court of Appeals. I missed the transition. Go ahead. That court found no ambiguity, even though the policy defined the lower limits only by the financial responsibility law and did not list a dollar number in the policy. And that is because, well, as it relates to this case, it's Farmer's argument that not that the financial responsibility law applies directly to this case, but because it adopted the limits as set forth in the financial responsibility law in this policy, such that the limits mean $25,000 in this case. You know, given that this issue's actually been litigated a couple times, is there any reason why, underwriting-wise, the policy just doesn't say that the $25,000 current limitation in the financial responsibility applies unless it's amended upward, in which case the greater number would apply, period, goodbye, go away? You know, because this thing keeps coming up, and it just seems to me that if you look at the language itself, it is not really all that clear to an average person. Now, you obviously say that an ordinary person of average understanding would understand it to say $25,000, right? That is correct. Well, Your Honor, it does say, when the policy references the financial responsibility law twice in the UIN provision, the words, Missouri Motor Vehicle Financial Responsibility Law, the first letter in each is capitalized. So, we believe that shows, if the reader needs any more guidance, we believe that shows this is significant, it's capitalized, it's specifically referring to a Missouri statute that lists limits of $25,000. But then, if you go, and you're dealing with UIM coverage here, right? So, all right, say you're going to go to the financial responsibility law, and you look for UIM coverage limits, and there are none. That is correct. And Farmers acknowledges that. And it has never been Farmers' argument that the financial responsibility law somehow mandates coverage in this case. And the policy, I think it's significant, the policy never says that we will provide UIM coverage as required by, or as mandated by. Instead, the policy adopts that limit. And I would also point out that that clause appears under a section titled limits of liability, and it uses the word only. And we believe that is clearly a limiting term, meaning you're not, when you're a permissive driver, you are not entitled to the full limits, only up to the limits of the financial responsibility law. It seems to me, at least, that all that makes sense to me, that you can refer to the financial liability law. And so then you go refer to it. But I think my question is, why is it ambiguous when you're dealing with UIM coverage? You're looking for limits in the context of UIM coverage. You go to the financial liability law, and there are limits that apply to liability coverage only, not to UIM. At least, that's the argument. On the face, it refers to liability. Why isn't that creating ambiguity? And your colleague would suggest that, well, and you've got 25 and 50. You've got multiple numbers here. Which one applies? Because you're really dealing with different sorts of coverage here when you're dealing with UIM coverage and liability coverage. That is true. But $25,000 is the only limit applicable to bodily injuries that's in that statute. And so that's where farmers adopted that number. Counsel, go ahead and finish your sentence. Took it from the statute and put it in its policy so that the limits of financial responsibility law means $25,000. Counsel, if there were two people injured here, would you, the insurance company, say it was $50,000? You know the next clause says $50,000 for bodily injury to two or more people. That is correct. That's in the, since 1981? Yeah, I'm sure since 81. That's been the limit. So if two were injured, would you agree it was 50? I would agree that each would arguably be entitled to $25,000. Well, that's if there are two. It says two or more. Yes. Suppose there were three. It would be 50. Well, I think it's fair that just like how the policy provides a limit for one individual person injured versus per accident, I think it would be fair that if there were two, the limit would not be the $50,000. It would be the $50,000, the second number in the statute. Correct. And you can be underinsured on property with all these big rigs on the phone, on the road, with all the big things that are on the road. And so would you agree that it is, at the time we're worried about, $10,000 on property? And that is per accident, right? Your Honor, honestly, the property limit I don't believe is even relevant here because an insured, someone seeking UIM coverage is seeking coverage for their own bodily injuries. So I don't know why they would even look at. No, you can have it for your own property too, counsel. Yes. Yeah, you can buy it. I'm pretty sure. You sell it. You're the company. Sorry, what is your question? Yeah, the question is would you, the company, say it was $10,000 if there was the great big rig damage at $50,000? And you had underinsured to half a million dollars, I'll make a hypothetical, for property. Yes, you can have underinsured on property. Okay, yeah, I'm not sure that this, I don't believe this. It doesn't relate to this case. This is a hypothetical. Okay. If you're going down the road and you run into one of these great big, great big rigs of some kind. So then if that is the limit stated for property damage, then I would agree with you. So it's not one number, it's three numbers in the end. Yes, but only one that applies to bodily injuries as we have here in this case. I would also like to point out that farmers never promise the appellant any type or any amount of insurance or any amount of UIM coverage. Your agent did. The five. I thought your agent did, represented. The agent referred to $500,000, which is the number that comes from the policy declaration page. And under Missouri law, declarations are introductory only. They're subject to refinement elsewhere in the policy, and they do not grant any coverage. So the fact that the policy declaration says $500,000, it should be clear to anyone reading the policy that it is subject to certain types of limits. And the step-down provision at issue here is one example of that. Well, you were pursuing the thought that you hadn't represented the $500,000 once upon a time to this very person, right? I don't believe the adjuster ever said that it would pay her $500,000 or that she was entitled to $500,000. And I don't believe farmers ever waived its right to enforce the policy as it is written. Do you know what was really said? No, go ahead. Do you know what was really said? I do not know what was really said. Is the opposing counsel arguing waiver here? I don't believe so. So is that issue relevant to the vexatious refusal if we disagree with you on interpreting the policy? Yeah, I'll let you go on. I think that's a side issue here, so please continue. Okay. It does sound like it would be relevant, huh? What about, I'll ask you the same unfair question I asked opposing counsel. What about the Minnesota statute 303.190.7, which does say that the chapter doesn't apply to excess or additional coverage, and the Missouri Supreme Court has described this coverage as excess coverage. You know, because if UIM coverage is excess coverage and we go to look at the, you know, you didn't cite to a specific statute. You just cited to the chapter. The chapter itself says, does not apply to excess coverage. So it seems to me that an average person could look at that and say, doesn't apply to me. Well, I will say I don't think the policy directs the insured or anyone. Well, you can't possibly have it both ways. If you read the capital letters, I'm supposed to go to the chapter. But if I go to the chapter and I look at the chapter and it says excess coverage is not covered, that seems to be kind of like circular. But it does specifically refer to the limits of the financial responsibility law. Right. And there's nothing in the chapter that says the words underinsured motorist coverage because it's not part of the financial responsibility law. But there is something that says excess coverage isn't covered by the chapter. Well, again, Your Honor, I think the only way to respond to that is... The only way to respond is that I've changed all the rules and that's not the appeal that's in front of us. I get it. Adopt the answer. I'll go back to Judge Erickson's comment earlier. It baffles me why the underwriters haven't fixed this problem, potential problem. And I'll just leave that as a comment from the bench that you don't need to answer. You're not obligated to answer that. But I think Judge Erickson and Judge Benton have pointed out some of what might be arguable ambiguity in here that seems to me. I know you have a lot of experience. You have several states and things like that. But it makes interpreting this particular policy much more difficult than I think it should be. I think the only reason why they do that is because although Farmers does not have to provide UIM coverage for a permissive user like this, they want to set some benchmark and that's just the best benchmark that they use. And I think the question is how explicit they are. The district court found it was something along the lines of fairly clear that this was the benchmark. And that, I think, is the issue that I'm struggling with. How clear is it? Is it fairly clear or is it not all that clear? I think it's unambiguous when looking at the policy as a whole that you look to the limits set forth in the financial responsibility law and put that into the policy where it makes that reference. Looks like I'm out of time. I have nothing further unless you have any questions. Thank you, counsel. Thank you. Any rebuttal? Thank you, Your Honor. So I do have a Supreme Court case. Crombeck v. Mayflower Insurance Company Limited, 827 Southwest 2nd, 208. First of all, was it in your brief, do you know? Yes, it was. Good. Proceed. And the essential holding in that case, or at least what I quoted, was there are no statutory requirements in Missouri for underinsured motorist coverage. Therefore, the existence of underinsured motorist coverage are ordinarily determined by contract. And so, Judge Erickson, I guess that could potentially tie in with your argument regarding Section 303.190.7. I would like to just briefly... Would you agree that the policy... The language? ...to people who are not a you or family member under the policy? At least takes a half step there. Arguably it does, but it also lumps in UM with UIM. So there's another ambiguity there as to whether that's for both of them or just for one of them, because there is no UIM mandate in Missouri. So are you arguing only that it's ambiguous, or are you arguing it's not ambiguous and it does not... I'm arguing both. So, first, my argument is based on Maxim, that because there is no requirement for UIM coverage, this reference to financial responsibility law to a nonexistent limit doesn't limit anything. And with regards to ambiguity, the declarations promise $500,000. Kenneth Kyle said there were $500,000 available until more than four years after the accident. And if Farmers itself is confused about this for four years, and then comes back and says, oh, we made a mistake, this limits you, reduces you by $475,000, I don't think it's fair to say an ordinary person of average intelligence should be expected to realize that a reference to a minimum limit not applicable to UIM insurance could reduce the coverage under the policy. Are there any questions? I've got some time still. I don't really have any more arguments. All right. Well, I would respectfully request that this court reverse the district court summary judgment order and remand this case for further proceedings. And on behalf of my client, I thank you for your time. This court appreciates the argument of counsel. Case number 23-1497 is submitted for decision by the court. Ms. Grupe. Thank you.